(132 So. 221)

## STATE v. PITRE.

### No. 30934.

Jan. 5, 1931.

Harvey Peltier and Howell & Deramee, all of Thibodaux, and Emile Carmouche, of Crowley, for appellant.

Percy Saint, Atty. Gen., J. A. O. Coignet, Dist. Atty., of Thibodaux, and E. R. Schowalter, Asst. Atty Gen., for the State.

BRUNOT, J.

The accused was indicted for the crime of carnal knowledge of an unmarried female between the ages of 12 and 18 years. He was tried, convicted, and sentenced to serve a term at hard labor, in the state penitentiary, for not less than two nor more than three years, and he has appealed from that judgment and sentence.

There are no bills of exception in the record. The question presented is one of law alone. After the conviction of the accused, he filed a motion for a new trial. No attempt was made by the mover or the state to dispose of this motion for more than two years thereafter. After the lapse of that time the district attorney sought to have the motion for a new trial fixed for hearing thereon, whereupon the accused invoked the provisions of Act No. 67 of 1926, and, basing his pleas upon that act, filed a motion to quash the indictment upon the ground that the prosecution of the offense charged was barred by prescription.

The motion for a new trial, the motion to quash the indictment, and the plea of prescription were argued, submitted, and overruled, and the accused was sentenced as noted supra. The case is presented to this court upon the face of the record. Act No. 67 of 1926 fixes the time within which district attorneys must prosecute certain felonies and lesser offenses, except in cases where the accused is a refugee from justice. The accused in this case was not a refugee from justice, and he was charged with a crime which the act classifies as a "lesser offense." With respect to this class of offenses, the act provides as follows:

"It is hereby made the duty of the district attorneys, or other prosecuting officers, of the state to *nolle prosequi* * * * all lesser offenses, where a period of two (2) years has elapsed from the date of the finding of an indictment or presentment, or the filing of an information, *if the accused has not been*

*brought to trial within the aforesaid periods,"* etc. (Italics by the Court.)

There is a following provision of the act which, but for its concluding words, might offer some comfort to the accused. This provision concludes with the words, "as hereinabove provided for." These words have reference to the provision we have quoted supra, viz. "If the accused has not been brought to trial within the aforesaid periods."

There is no ambiguity in the language used in the act, and, as the accused was tried and convicted within two years after the indictment was presented and filed in court, it is our opinion that the motion to quash and the plea of prescription filed in the case were properly overruled, and, as no exception was taken to the overruling of the motion for a new trial, that ruling is final.

The judgment and sentence are affirmed.